✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern     District of     New York

JOSE LANDA
and GARLAN SUPERMARKET, INC.

V.

UNITED STATES DEPARTMENT OF
AGRICULTURE, FOOD AND CONSUMER
SERVICE

**SUMMONS IN A CIVIL ACTION**

08 CV 5830

CASE NUMBER:

JUDGE JONES

TO: (Name and address of Defendant)

UNITED STATES ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF NEW YORK
1 ST. ANDREWS PLAZA
NEW YORK, NEW YORK  10007

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

CODELIA & SOCORRO, P.C.
1967 TURNBULL AVENUE – SUITE #6
BRONX, NEW YORK  10473

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUN 2 7 2008

CLERK

_Catherine Sapsley_

(By) DEPUTY CLERK                                                    DATE

JUDGE JONES



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOSE LANDA                                     :        CIVIL ACTION FILE NO.
and GARLAN SUPERMARKET, INC.                   :
                                               :
                                               :
                                               :
                                               :        COMPLAINT
                             Plaintiffs,        :
      - against -                              :
                                               :
UNITED STATES DEPARTMENT OF                    :
AGRICULTURE, FOOD AND CONSUMER                 :
SERVICE,                                       :
                                               :
                             Defendant.    :
-------------------------------------------------------------X

### PRELIMINARY STATEMENT

This action, brought pursuant to Section 14 of the Food Stamp Act of 1977 and pursuant to

Section 279.10 of the Food Stamp Program Regulations, is for judicial review of the administrative

determination of the United States Department of Agriculture, the Food and Consumer Service

(FCS), and the Northeast Regional Office regarding charging violations and for an order of the court

temporarily staying the administrative action under review pending disposition of the de novo trial

or an appeal from the trial.

### JURISDICTION

1.      ∖ This action arises under the Food Stamp Act of 1977, U.S.C. Sections 2011 et seq.

2.      All statutory and regulatory conditions precedent for the filing of this action have

been fulfilled.

1

## THE PARTIES

3.      Plaintiff, JOSE LANDA, owner of the Garlan Supermarket, Inc, owns and operates a grocery store business located at 1968 First Avenue, New York, New York 10029.

4.      JOSE LANDA, at all times relevant was and is the owner of grocery business located at 1968 First Avenue, New York, New York 10029.

5.      Defendant, United States, is the sovereign and federal government which conducts and implements the Food Stamp Program through its agency, the United States Department of Agriculture, The Food & Consumer Service, hereinafter referred to as "FCS".

6.      That the plaintiffs have been and is a licensee of the FCS, participating in the food stamp program as an FNS Authorization Card for twenty seven years.

## FACTS

7.      It is alleged by the defendant herein that during the months of December 2005 to February 2006, the Department of Agriculture conducted an investigation of regulatory compliance in plaintiffs's place of business; that in December 2005 to February 2006 food stamps were accepted and in exchange certain food or FCS eligible items were sold under conditions violative of the Act. Upon administrative adjudication and later review certain alleged violations were dismissed or waived, but plaintiffs admitted to having extended credit to hungry indigent residents in technical violation of the Act. The defendant accepted those admissions in full satisfaction of all alleged violations.

8.      On or about July 6, 2006, approximately five months after the investigation, FCS mailed notice to the plaintiffs alleging program violations, which notice was received by plaintiffs.

9.      That plaintiffs responded to the charges at the FCS field office in New York City and eventually admitted to a number of credit transactions for the benefit of hungry residents, to wit: that plaintiffs extended credit to indigent food card holders and charged the debits to the customers' EBT cards later when more EBT benefits legitimately became available to these customers.

10.     During the long interval between the last date of alleged violation, February 2006, it is not alleged by the FCS that any other violations occurred, nor have any occurred to the present date.

11.     That it has not generally been alleged by FCS that the owner of the grocery store generally participated in these alleged violations; nor has it been alleged that they were engaged in for profit or for any venal reason.

12.     That the determination after plaintiffs's written submission of explanation was a full two year disqualification from participation in the food stamp program. Letter from defendant dated May 16, 2007.

13.     That plaintiffs requested and were granted an administrative review of the determination of the two year disqualification which was issued.

14.     That the administrative review officer of defendant upheld the initial determination by letter dated May 29, 2008 purportedly pursuant to Section 278.6(e)(4) and received May 30, 2008.

15.     Plaintiffs deny that any venal or intentional violations occurred. However, as plaintiffs made technical violations, the plaintiffs should be subject to a civil money penalty in lieu of two year disqualification. First, this is because the agency failed to fully consider inter alia that the disqualification of plaintiffs would result in neighborhood hardship. That as a result of the foregoing, the level of offense and hence sanctions against plaintiffs which is properly imposable,

3

would be pursuant to Section 278.6(f), a civil money penalty.

16.     By expressed or necessary implied findings of the defendant's own decision dated

May 29, 2008, any violations were not venal or financially motivated.

17.     The FCS violated the agency's regulations at Section 278.6(f) in that FCS failed to

find applicable and levy a civil monetary penalty in lieu of the disqualification period.  The

administrative review ruling dated May 29, 2008, shows that the agency only apparently sought to

ascertain, in reaching its decision, whether "other area stores" existed, i.e., said decision fails to

reflect what criteria, if any, the appeals branch employed for determining "comparability"; rather,

the review decision appears to blindly apply an inappropriate criteria to wit: whether there is one

other store existing within a mile of plaintiffs's store. The agency fails to properly evaluate or

determine if this alleged other store is comparable in the terms of the regulation in reference to

either variety of foods offered comparability of prices or hours of service, to wit:

> "(f) whether there is no authorized retail food store <u>in the area selling a large variety of staple food items at comparable prices."</u>

18.     The imposition of a draconian discipline of a two year disqualification which is

tantamount to closure of the plaintiffs's store for having provided food staples to hungry indigents

on credit constitutes an abuse of administrative discretion and/or denial of substantive due process.

19.     The imposition of a two year disqualification for the feeding of hungry indigent

persons through the extension of credit is so unreasonable, arbitrary, and capricious, and additionally

constitutes an abuse of discretion, and a deprivation of substantive constitutional due process, as

applied; the agency's conduct is arbitrary and capricious because, <u>inter alia,</u> the agency does not

uniformly disqualify licensees, under these similar facts and circumstances, but rather customarily

imposes a CMP (civil monetary penalty).

20.    The decision of defendant also constitutes a misconstruction of the Secretary's regulations including 278.6(e)(4) and 278.6(e)(7).

WHEREFORE, it is respectfully prayed that the Department of Agriculture, Food and Consumer Service's disqualification of the grocery store herein effective June 30, 2008 be stayed and that a preliminary injunction shall issue herein after due notice of this application therefore and that in furtherance thereof defendant be ordered on a day fixed to show cause why said preliminary and permanent injunction should not be granted; and

That pending the hearing hereof, a restraining order issue restraining the defendant and each of them, their agents, representatives and employees, from enforcing the one year disqualification of the firm herein until a trial de novo shall be had to determine the validity of the administrative action for such other and further relief as the Court may deem just and proper.

Dated: Bronx, New York
       June 24, 2008

PETER R. SHIPMAN, ESQ. (9780)
CODELIA & SOCORRO, P.C.
Attorneys for Plaintiffs
1967 Turnbull Avenue, Suite #6
Bronx, New York 10473
(718) 931-2575

5

Civil Action File No. _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JOSE LANDA
and GARLAN SUPERMARKET, INC.

                                                Plaintiffs,

          - against -

UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND CONSUMER
SERVICE,

                                                Defendant.

_____
_____

### COMPLAINT

_____
_____

CODELIA & SOCORRO, P.C.
Attorney(s) for Plaintiff(s)
1967 Turnbull Avenue, Suite #6
Bronx, New York 10473
(718) 931-2575

_____
_____

To                                    Signature (Rule 11 Certification)

                                      _____
                                      Print name beneath
                                      PETER R. SHIPMAN #9780

                                      Service of a copy of the within is hereby admitted.
                                      Dated: _____