MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:  JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile:  (212) 637-2686
Email: joseph.cordaro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOSE LANDA and                                              :     Electronically Filed
GARLAN SUPERMARKET, INC.,                    :
                                                                          :
                           Plaintiffs,                           :     08 Civ. 5830 (BSJ) (DFE)
                                                                          :     ECF Case
       -against-                                                   :
                                                                          :     **ANSWER**
THE UNITED STATES OF AMERICA,            :
                                                                          :
                           Defendant.                          :
-----------------------------------------------------------------x

Defendant the United States of America ("defendant" or the "Government"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint of plaintiffs Jose Landa ("Landa") and Garlan Supermarket, Inc. ("Garlan"), upon information and belief as follows:

The "Preliminary Statement" sets forth plaintiffs' characterization of the action, to which no response is required.

1.    Paragraph 1 of the complaint sets forth plaintiffs' characterization of the action, to which no response is required; except avers that the "Food Stamp Act of 1977" has been renamed the "Food and Nutrition Act of 2008."

2. Paragraph 2 of the complaint sets forth a conclusion of law, to which no response is required. To the extent a response is required, admits that plaintiffs have filed the complaint within the time period specified in 7 U.S.C. § 2023(a)(13).

3. Admits the allegations in paragraph 3 of the complaint.

4. Admits the allegations in paragraph 4 of the complaint.

5. Admits the allegations in paragraph 5 of the complaint, and avers that the correct name of the agency is the United States Department of Agriculture, Food and Nutrition Service (hereinafter "FNS"), [1] and that the "Food Stamp Program" has been renamed the "Supplemental Nutrition Assistance Program" (the "Program").

6. Denies the allegations in paragraph 6 of the complaint, and avers that Garlan has participated in the Program since June 2, 1981.

7. Denies the allegations in paragraph 7 of the complaint, and avers that FNS investigated irregular transactions involving Program benefits occurring at Garlan during the months of December 2005, January 2006, and February 2006, and that FNS determined — and Landa admitted — that Garlan allowed Program recipients to use their benefit instruments to pay for previous purchases for which store credit had been extended, in violation of 7 C.F.R. § 278.2(f).

8. Denies the allegations in paragraph 8 of the complaint, except admits that FNS mailed a letter to Landa dated July 6, 2006 (the "Charge Letter"), and

---

[1] References in the complaint to the Food and Consumer Service or "FCS," for the purposes of this Answer, are treated as references to FNS.

respectfully refers the Court to the Charge Letter for a true and accurate statement of its contents.

9. Denies the allegations in paragraph 9 of the complaint; avers that Landa responded to the Charge Letter by letter dated August 30, 2006 (the "Reply Letter"); and respectfully refers the court to the Reply Letter for a true and accurate statement of its contents.

10. With respect to paragraph 10 of the complaint, admits that between February 2006 and the present, FNS has not charged plaintiffs with Program violations other than those at issue in this litigation, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

11. Denies the allegations in paragraph 11 of the complaint.

12. Admits the allegations in paragraph 12 of the complaint.

13. Admits the allegations in paragraph 13 of the complaint.

14. With respect to paragraph 14 of the complaint, lacks knowledge or information sufficient to form a belief as to the truth of the allegation as to when plaintiffs received the Administrative Review Officer's letter dated May 29, 2008; denies the remaining allegations; avers that FNS issued a Final Agency Decision dated May 29, 2008, upholding Garlan's two-year disqualification from the Program; and respectfully refers the Court to the Administrative Review Officer's letter and the Final Agency Decision for a true and accurate statement of their contents.

15. Denies the allegations in paragraph 15 of the complaint.

16. Denies the allegations in paragraph 16 of the complaint.

17. Denies the allegations in paragraph 17 of the complaint, and respectfully refers the Court to the Final Agency Decision dated May 29, 2008, for a true and accurate statement of its contents.

18. Denies the allegations in paragraph 18 of the complaint.

19. Denies the allegations in paragraph 19 of the complaint.

20. Denies the allegations in paragraph 20 of the complaint.

## FIRST DEFENSE

21. Pursuant to 7 U.S.C. § 2023(a)(13) and 7 C.F.R. § 279.7, Landa lacks standing to proceed as a plaintiff and should be dismissed from the action.

## SECOND DEFENSE

22. Plaintiffs are not entitled to a trial *de novo* of this action because they have conceded their violations of section 278.2(f) of Program regulations and challenge only FNS's imposition of a two-year disqualification from the Program.

## THIRD DEFENSE

23. Plaintiffs are not entitled to a preliminary injunction staying the two-year disqualification pending disposition of this case because they cannot demonstrate a likelihood of prevailing on the merits and/or irreparable injury. *See* 7 U.S.C. § 2023(a)(17).

## FOURTH DEFENSE

24. Plaintiffs are not entitled to a temporary restraining order because the complaint is not verified. *See* Fed. R. Civ. P. 65(b)(1)(A).

## FIFTH DEFENSE

25.   The determination of whether to impose a two-year disqualification or civil money penalty on Garlan for violating section 278.2(f) of Program regulations rests within the discretion of FNS.

## SIXTH DEFENSE

26.   Plaintiffs do not qualify for a civil money penalty in lieu of disqualification from participation in the Program because Garlan's disqualification will not result in hardship to Program households.

WHEREFORE, the Government demands judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
       August 25, 2008

                Respectfully submitted,

                MICHAEL J. GARCIA
                United States Attorney for the
                Southern District of New York
                Attorney for Defendant

By:     s/ Joseph N. Cordaro
                JOSEPH N. CORDARO
                Assistant United States Attorney
                86 Chambers Street, 3rd Floor
                New York, New York 10007
                Telephone: (212) 637-2745
                Facsimile:  (212) 637-2686
                Email: joseph.cordaro@usdoj.gov